The opinion of the court was delivered by
McEnery, J.
The plaintiff instituted this suit to obtain a divorce from his wife on account of adultery.
The plaintiff wronged the defendant wife, and afterward, on the 10th day of May, 1892, married her, as he alleges, to legitimate their child, a girl, born 13th day of September, 1890. He asks for the custody of the child.
After the marriage the plaintiff never lived with tbe wife nor had any marital relations with her. He has never supported her nor the *1446 daughter, nor in any manner contributed to their comfort. If the wife went astray the husband was to a great extent responsible by his want of attention to her, and in not supporting her with the necessaries of life, and in not giving her that protection which should shield her from temptation. Under these circumstances, if these facts stood alone, we Would be reluctant to grant to the plaintiff the relief asked for, and thus add to the already overburdened wife the loss or her child, particularly when there is no assurance that she would be better cared for physically and morally.
The testimony in the record, cold and unsympathetic, leaves the impression upon the mind that the wife is depraved, and is physically a strong, healthy, unblushing prostitute. Under ordinary circumstances this testimony would be sufficient to free the husband from such a wife. It is a rule that great weight should be given to the opinion of the trial judge as to the conduct and appearance of the witnesses when on the stand. Fortunately, in this case, the lower judge has given a most graphic description of the witnesses, and the defendant and her protectors. His language is eloquent with indignant protests against the credibility of plaintiff’s witnesses, and the modest, virtuous and unpretentious appearance of the wife, and the humble though impressive appearance of her protectors, the uncle and the grandfather.
He characterizes the two main witnesses of plaintiff as confessed prostitutes; one of them had been the mistress of plaintiff. “ Much that I have said,” says the District Judge, “ as to these female witnesses, as to the inconsistency of their statements, applies to the witnesses Mank and Maggioli and Miller. The latter was a till tapper, a man of no morals, appearing in his manner and speech as unreliable, and the former, who did not stand the test of cross-examination, were his friends and associates. They are flatly contradicted by Oontreras, in the matter of the particulars stated as to him.
“Defendant is a frail-looking, small woman. Her manner in court was shrinking, timid, modest, retiring. She has nothing in appearance or manner, in look or bearing, that would indicate the brazen, hardened, abandoned woman.
“I saw and heard the witnesses who accused the defendant, and; on my conscience, I am unable to accept and believe what they say. All the appearances of defendant, and of her family, and all the con *1447 duct of the plaintiff’s family, stand as mute witnesses in defendant’s favor; yes mute, so far as speech may go, but forceful and convincing and effective to overthrow the statements of plaintiff’s witnesses. This defendant was seduced by plaintiff; she trusted to him and married him. He turned from her and made a mockery of all her hopes and spat upon his marriage vows.”
When witnesses are of such low character and degree as described by the trial judge, and are inconsistent in their testimony, and some facts related improbable of occurrence, and the appearance and conduct of defendant and the attendant circumstances of the trial are such as to contradict their statement, and he says on his conscience he can not believe them, we will accept his conclusion and affirm the judgment.
Judgment affirmed.
Nicholls, C. J., absent.